UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CONNIE M. DAVIDSON**                                       **CIVIL ACTION**

**VERSUS**                                                   **No. 21-1999**

**JETRO HOLDINGS, L.L.C., ET AL.**                           **SECTION I**

### ORDER & REASONS

This matter is before the Court *sua sponte*. Plaintiff, Connie M. Davidson ("Davidson"), and the defendants, Jetro Holdings, LLC and RD America, LLC (collectively, "the defendants"), recently filed their revised joint pre-trial order.[1] A jury trial is scheduled to begin on Monday, June 6, 2022, at 8:30 A.M. In advance of trial, the Court addresses the claimed basis for the Court's jurisdiction.

### I.

In their notice[2] of removal, the defendants claimed that removal to this Court was proper because "the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between all adverse parties."[3] Further, the defendants asserted that complete diversity exists because Davidson is "a natural person domiciled in the Parish of Jefferson, and she is a citizen of the State of

---

[1] R. Doc. No. 31.
[2] R. Doc. No. 1.
[3] *Id*. at 2. At the final pre-trial conference, the parties discussed Davidson's alleged damages, and no party disputed that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). *See also* R. Doc. No. 31, at 2 ("The parties stipulate that Ms. Davidson's claims exceed $75,000.").

Louisiana."[4] As for the defendants, the notice of removal stated that "Jetro Holdings, LLC, RD America, LLC, and JMDH Real Estate of New Orleans, LLC, are all Delaware Limited Liability Companies with their principal places of business in New York."[5]

Davidson did not file a motion to remand after the defendants removed this action from the Civil District Court for the Parish of Orleans. At the final pre-trial conference, neither party disputed that diversity jurisdiction exists in this matter.

## II.

The Court is "duty-bound to examine the basis of subject matter jurisdiction *sua sponte*[.]" *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction premised upon diversity of citizenship requires, *inter alia*, complete diversity of citizenship. 28 U.S.C. § 1332; *see also Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

---

[4] *Id*. at 4.
[5] *Id*. At the final pre-trial conference, Davidson agreed to dismiss without prejudice defendant JMDH Real Estate of New Orleans, LLC. *See* R. Doc. No. 29, at 1–2. The revised joint pre-trial order states, "[d]efendants Jetro Holdings and [sic] LLC, RD America, LLC are all Delaware Limited Liability Companies with their principal places of business in New York." *See* R. Doc. No. 31, at 2.

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). To carry this burden, "the party asserting federal jurisdiction must 'distinctly and affirmatively allege [ ]' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (citations omitted). For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *accord PGS USA, LLC v. Popi Trading, Inc.*, No. 16-6669, 2016 WL 4261726, at *2 (E.D. La. Aug. 12, 2016) (Barbier, J.) (quoting *Harvey*, 542 F.3d at 1080).

A failure to properly allege citizenship is not fatal. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). Congress has provided that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect. *Whitmire*, 212 F.3d at 888. Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653." *Id.* Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (quoting *Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988)). Further, "[i]t is axiomatic that under Federal Rules of Civil Procedure 15 and 16, a final pretrial order 'supersede[s] all prior pleadings.'" *Meaux*

*Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007)).

### III.

The defendants' notice of removal failed to adequately state diversity of citizenship.[6] At the time of removal, the defendants—Jetro Holdings, LLC, RD America, LLC, and JMDH Real Estate of New Orleans, LLC—asserted that each defendant was a limited liability company. But the defendants failed to state the citizenship of each member of those companies.[7] The revised joint pre-trial order likewise repeats this error.[8] Therefore, the Court cannot determine the citizenship of the defendants. Nevertheless, the record does not reveal, nor has any party argued, that diversity jurisdiction is not present. In this posture, the defendants are granted leave to amend the joint pre-trial order. Accordingly,

**IT IS ORDERED** that the parties shall file an amended joint pre-trial order no later than **FRIDAY, MAY 20, 2022**. In the amended order, the defendants shall state distinctly and affirmatively the basis for diversity jurisdiction, including the citizenship of every member of the limited liability company defendants.

New Orleans, Louisiana, March 17, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 1, at 4; *see also* R. Doc. No. 1-2, at 2.
[7] *Id.*
[8] R. Doc. No. 31, at 2.